OR_Answer.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

      Plaintiff,

v.

OLGA RESTAURANT CORP.
d/b/a OLGA RESTAURANT,
and YANIRIS CAPELLAU,

      Defendants.
-----------------------------------------------------------X

ECF CASE

07 CV 8763 (CM)

ANSWER

(Jury Demand)

   **Carl E. Person**, appearing on behalf of the Defendants, **Olga Restaurant Corp.** (sued herein as Olga Restaurant Corp. d/b/a Olga Restaurant), a corporation, and **Yaniris Capellan** ("Capellan", sued herein as Yaniris Capellau), an individual) (hereinafter, collectively, the "Defendants"), respectfully alleges as and for the Defendants' answer to the Plaintiff's Complaint:

  1.  ADMIT each of the allegations in ¶ 1 of the Complaint, except deny the Plaintiff's allegations as set forth in ¶¶ 2-36 below.

  2.  ADMIT each of the allegations in ¶ 2 of the Complaint.

  3.  ADMIT each of the allegations in ¶ 3 of the Complaint.

  4.  DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 4 of the Complaint.

  5.  ADMIT each of the allegations in ¶ 5 of the Complaint.

  6.  DENY each of the allegations in ¶ 6 of the Complaint, except ADMIT that Capellan is the sole stockholder of Olga Restaurant Corp..

  7.  Pleading is not required to Plaintiff's definition in ¶ 7 of the Complaint, which definition is accepted by defendants.

8. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 8 of the Complaint.

9. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 9 of the Complaint.

10. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 10 of the Complaint.

11. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 11 of the Complaint.

12. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 12 of the Complaint.

13. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 13 of the Complaint, but ADMIT that Defendants did not contract with J & J Sports Productions, Inc. to obtain any rights to broadcast the Event as a commercial establishment.

14. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 14 of the Complaint.

15. DENY each of the allegations in ¶ 15 of the Complaint.

16. DENY each of the allegations in ¶ 16 of the Complaint.

17. DENY each of the allegations in ¶ 17 of the Complaint.

18. DENY each of the allegations in ¶ 18 of the Complaint.

19. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 19 of the Complaint.

20. DENY each of the allegations in ¶ 18 of the Complaint.

[COUNT I]

21. The Defendants hereby incorporate the allegations contained in Paragraphs 1 through 19 of the Complaint.

22. ADMIT each of the allegations in ¶ 22 of the Complaint.

23. DENY each of the allegations in ¶ 23 of the Complaint.

24. ADMIT each of the allegations in ¶ 24 of the Complaint.

25. DENY each of the allegations in ¶ 25 of the Complaint.

26. DENY each of the allegations in ¶ 26 of the Complaint.

27. DENY each of the allegations in ¶ 27 of the Complaint.

## [COUNT II]

28. The Defendants hereby incorporate the allegations contained in Paragraphs 1 through 27 of the Complaint.

29. ADMIT each of the allegations in ¶ 29 of the Complaint.

30. DENY each of the allegations in ¶ 30 of the Complaint.

31. DENY each of the allegations in ¶ 31 of the Complaint.

32. DENY each of the allegations in ¶ 32 of the Complaint.

33. DENY each of the allegations in ¶ 33 of the Complaint.

34. DENY each of the allegations in ¶ 34 of the Complaint.

35. DENY each of the allegations in ¶ 35 of the Complaint.

36. DENY each of the allegations in ¶ 36 of the Complaint.

## AFFIRMATIVE DEFENSES

### 1st Affirmative Defense

37. Unconstitutionality of statutory damages to the extent such damages exceed three times the amount of any actual damages or three times the amount of defendant's profits or sales derived from illegal use of Plaintiff's broadcast Event. The maximum liability of the Defendant is 3 times $ zero.

### 2nd Affirmative Defense

38. Unconstitutionality of statutory attorneys fees to the extent they exceed three times the amount of defendant's profits or sales derived from illegal use of Plaintiff's broadcast Event. The maximum liability of the Defendant for statutory attorneys' fees is 3 times $ zero.

### 3rd Affirmative Defense

39.. Unconstitutionality of statutory attorneys fees to the extent they are unreasonable in relation to the dollar amount of the Defendants' liability for actual damages.

### 4th Affirmative Defense

40.. Failure to state a claim.

### 5th Affirmative Defense

41.. *De minimis* as to Plaintiff's alleged monetary damages.

## Jury Demand

Defendant hereby demands a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER

**WHEREFORE**, the Defendants respectfully request that the Complaint be dismissed with costs and disbursements and any appropriate attorneys' fees, and with such other and further relief as this Court may deem just and proper.

Jury Demand

Defendants hereby demand a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  New York, New York
        November 21, 2007

*[signature: Carl E. Person]*

Carl E. Person  (CP 7637)
Attorney for the Defendants,
    Olga Restaurant Corp. and Yaniris Capellan
    (sued herein as Yaniris Capellau)
325 W. 45th Street - Suite 201
New York, New York 10036-3803
(212) 307-4444
Email: carlpers@ix.netcom.com

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :    ECF CASE
J & J SPORTS PRODUCTIONS, INC.,               :
                                              :    07 CV 8763 (CM)
                        Plaintiff,            :
                                              :    PROOF OF SERVICE
            v.                                :
                                              :
OLGA RESTAURANT CORP.                         :
d/b/a OLGA RESTAURANT,                        :
and YANIRIS CAPELLAU,                         :
                                              :
                        Defendants.           :
                                              :
------------------------------------------------------------x
```

I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on November 21, 2007, I served a true copy of the foregoing

ANSWER

dated November 21, 2007, on the attorneys for the Plaintiff, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of said attorneys, as follows:

       Paul Joseph Hooten Esq.
       Paul J. Hooten & Associates
       5505 Nesconset Hwy., Suite 203
       Mt. Sinai NY  11766

Dated: November 21, 2007

                                                  Carl E. Person (CP 7637)